**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 5 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PABLO MORA,

              Petitioner - Appellant,

     v.

GREG LEWIS, Warden,

              Respondent - Appellee.

No. 14-15820

D.C. No. 4:12-cv-01623-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted September 18, 2015
San Francisco, California

Before: CHRISTEN and FRIEDLAND, Circuit Judges and LEMELLE,[**]  Senior
District Judge.

     Pablo Mora appeals the district court's denial of his federal petition for a

writ of habeas corpus under 28 U.S.C. § 2254.   We affirm.

     A jury convicted Mora of attempted murder and assault with a

---

     [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]      The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S.
District Court for the Eastern District of Louisiana, sitting by designation.

semiautomatic firearm after he shot a man three times in the course of a fight. Mora does not dispute that he shot the victim at a party. At trial, the only questions were whether Mora had intent to kill, and if so, whether he attempted to kill as the result of provocation, meaning that he acted "from passion rather than judgment," such that "the attempted killing was a rash act done under the influence of intense emotion that obscured the defendant's reasoning or judgment." CALCRIM No. 609 (2009 ed.); *see also People v. Beltran*, 301 P.3d 1120, 1130 (Cal. 2013) ("To be adequate, the provocation must be one that would cause an emotion so intense that an ordinary person would simply react, without reflection.").

If Mora intended to kill but acted as a result of such provocation, he would be guilty of attempted voluntary manslaughter instead of attempted murder. *See Beltran*, 301 P.3d at 1125. Under California law, the prosecution had the burden of showing a lack of such provocation in order to obtain a conviction for murder. *People v. Najera*, 138 Cal. App. 4th 212, 227 (Cal. Ct. App.), *as modified on denial of reh'g* (Apr. 20, 2006) ("When a jury must consider both murder and voluntary manslaughter, *heat of passion is not an element of voluntary manslaughter; rather, the absence of heat of passion is an element of murder the*

2

*prosecution must prove beyond a reasonable doubt.*") (emphasis added) (citing

*People v. Rios,* 2 P.3d 1066 (Cal. 2000)) .

Mora directly appealed his conviction to the California Court of Appeal. He argued that the standard attempted voluntary manslaughter jury instruction, CALCRIM No. 603,[1] was ambiguous with respect to the sufficiency of the provocation necessary to convict on attempted voluntary manslaughter rather than murder. In order to show a federal constitutional error due to an ambiguous jury instruction, "the defendant must show both that the instruction was ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Waddington v. Sarausad*, 555 U.S. 179, 190-91 (2009). The jury instruction given in Mora's case read in relevant part: "In deciding whether the provocation was sufficient, consider whether a man—or a person of average disposition would have been provoked and how such a person would react in the

---

[1] The instruction given was CALCRIM No. 603 (2009 ed.). In 2011, the instruction was rewritten to clarify the sufficiency of the provocation required to convict of attempted voluntary manslaughter. The new version states: "In deciding whether the provocation was sufficient, consider whether a person of average disposition, in the same situation and knowing the same facts, would have reacted from passion rather than judgment." CALCRIM No. 603 (2011 ed.).

same situation, knowing the same facts." Mora asserted that this language was ambiguous because it possibly suggested that the appropriate inquiry was whether the provocation was sufficient to cause an average person to react in a physically violent manner, not whether the provocation was sufficient to cause an average person to react from passion rather than judgment. Mora emphasized that the ambiguity of the instruction, and therefore the likelihood that the jury misapplied the instruction, was exacerbated by the prosecutor's misstatements of the law on the same point.[2]

The California Court of Appeal affirmed Mora's conviction. Although the court suggested the presence of ambiguity in the instruction and misstatements by the prosecutor, the Court of Appeal relied upon other parts of the instruction to conclude that there was no "reasonable likelihood" that the jury misunderstood or

---

[2] On direct appeal, Mora raised a separate prosecutorial misconduct claim, but the California Court of Appeal found that Mora waived any argument as to prosecutorial misconduct by failing to object at trial. In this federal habeas appeal, Mora does not appear to raise a separate prosecutorial misconduct claim based upon the prosecutor's alleged misstatements of the law. Rather, he argues that these misstatements made it more likely that the jury would misapply the ambiguous instruction. Mora quotes several passages from the prosecutor's closing, one of which suffices as an example: "And if a normal person knocked down like this wouldn't get so worked up, just from one punch, if a normal person wouldn't, from one punch, get so enraged that he would kill somebody, well then it doesn't count."

4

misapplied the instruction as a whole. Because the Court of Appeal concluded that there was no "reasonable likelihood" that the jury misapplied the challenged instruction, it did not conduct a separate harmlessness inquiry.

Mora reasserted his challenge to the provocation instruction in his federal habeas petition.[3] The district court denied Mora's petition, and he timely appealed.

We review the California Court of Appeal decision in this case because it was the last reasoned state court decision on the merits. *See Harrington v. Richter*, 562 U.S. 86, 98-100 (2011). We need not determine whether the California Court of Appeal's "no reasonable likelihood" conclusion was an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1), because, even if it was, any error was harmless. *See Brecht v.*

---

[3] Contrary to the State's contentions, Mora's argument raises a federal constitutional question that is cognizable on habeas. *See Waddington*, 555 U.S. at 190-91 (explaining that a habeas petitioner can demonstrate a due process violation by showing that the instruction was "ambiguous and that there was a reasonable likelihood that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt."); *Mullaney v. Wilbur*, 421 U.S. 684, 703-04 (1975) ("[T]he Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case.").

*Abrahamson*, 507 U.S. 619, 638 (1993).[4]

As the State correctly demonstrates, there was insufficient evidence at trial that Mora killed while in a heat of passion, so the jury could not reasonably have found that Mora was sufficiently provoked even if instructed in the manner Mora argues it should have been. Given the paucity of evidence presented to the jury that would support Mora's argument that he acted in the heat of passion, we have fair assurance that any error did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *see Valerio v. Crawford*, 306 F.3d 742, 762 (9th Cir. 2002) (en banc) (Under the Ninth Circuit's *Brecht* analysis for habeas petitioners, "the state must provide us with a fair assurance that there was no substantial and injurious effect on the verdict.")

For the foregoing reasons, we affirm the district court's denial of Mora's habeas petition.

---

[4] In *Davis v. Ayala*, 135 S. Ct. 2187 (2015), the Supreme Court held that when a state court has conducted a harmlessness analysis and adjudicated that issue on the merits, "a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable." *Id.* at 2199. In Mora's case, the California Court of Appeal never conducted a harmlessness analysis, and therefore the *Brecht* analysis, without additional AEDPA gloss, governs.

AFFIRMED.